UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

4/10/2025

Docket Number:

2025 APR 18 A 11: 49

:

**LIONEL VILLENEUVE**       :

    **V**   :

**JANET MILLS in her official capacity GOVERNOR OF THE STATE OF MAINE, SARA GAGNE-HOLMES in her official capacity as COMMISSIONER OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, DANIEL MITCHELL in his official capacity as a judge in the MAINE SUPERIOR COURT, MAINE GENERAL REHABILITATION AND LONG TERM CARE**

## COMPLAINT

Lionel Villeneuve, (Hereinafter, "Plaintiff"), hereby states and affirms for his Complaint against the State of Maine, (The "Defendant"), the Maine Department of Health and Human Services ("MaineCare"), Daniel Mitchell in his official capacity and Maine General Rehabilitation and Long Term Care (MG&LTC).

NATURE OF THE ACTION

1.    This is an action brought pursuant to 42 U.S.C. §1983 alleging the deprivation of the due process of rights, privileges, and immunities secured by the Constitution and the laws of the United States and that the laws rules and regulations used are unconstitutionally broad and void for vagueness and that several statutes violate the state constitution. This action also alleges that state employees acting in their official capacity, acted in excess of their statutory authority and pursuant to unconstitutional rules and regulations and in violation of state law. This action also alleges that the Governor failed to fulfill her duties to uphold Maine law and that Sara

Gagne-Holmes failed in her duties as the commissioner of the Maine Department of Health and Human Services. Finally, this action alleges that Daniel Mitchell acted contrary to his duty in failing to objectively administer justice within the Maine District Court in violation of the US Constitution and 42 U.S.C. § 12132 or the Americans With DIsabilities Act.

2.  By this action, Plaintiff seeks the following relief for the violation of 42 U.S.C. §1983 related state claims and other state claims: Removal of Daniel Mitchell from the underlying proceedings and vacation of all orders therein. Reasonable accommodations be made such that the Plaintiff in this action has access to a defense and the ability to participate in this action. pursuant to 42 U.S.C. § 12132. The Plaintiff further seeks a declaratory judgment that any and all outstanding balances owed to MG&LTC are payable by MaineCare pursuant to MRSA 3174-FF(3)G.

**JURISDICTION**

3.  This action is brought pursuant to 42 U.S.C. §1983 and the Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §1332 and 28 U.S.C. §1343(a) and the principles of supplemental and pendant jurisdiction.

**PARTIES**

4.  Lionel Villeneuve ("Plaintiff") is a resident of the state Maine.

5.  Maine ("ME") is a duly formed state within the borders of the United States.

6.  Janet Mills was at all times relevant to this complaint, the governor of Maine.

7.  Sara Gagne-Holmes was at all times relevant to this complaint the Commissioner of the Maine Department of Health and Human Services and is responsible for administering the MaineCare program which covers indigent individuals in the state of Maine.

8.  Daniel Mitchell was, at all times relevant, a judge in the Maine District Court and presiding over the underlying case.

9.  Maine General and Long Term Care was, at all times relevant, a duly formed corporation in Maine.

**Factual Background**

19. The Plaintiff, Lionel Villeneuve, (hereinafter Plaintiff) is an 83 year old man suffering from dementia and congenital heart failure.

20. The Plaintiff is confined to a wheelchair.

21. The Plaintiff is legally blind and unable to read.

22. The Plaintiff has issues with hearing.

23. The Plaintiff resides at a long term care facility.

24. The Plaintiff requires 2 nurses assistants and a crane in order to get out of bed and due to his condition sleeps at least 16 hours a day.

25. In order to leave the facility, the Plaintiff requires a special vehicle that has to be scheduled and is only covered for costs only for medical appointments.

26. The Plaintiff is indigent and receives $15.00 a month for clothing and other necessities.

27. The Plaintiff is and has been, at all times relevant to this complaint, a MaineCare recipient.

28. On or about January 18th, 2023, the Plaintiff was admitted to the emergency after suffering a significant fall. .

29. On or about January 27th, 2023, the Plaintiff was admitted to Grey Birch Long term Care and Rehabilitation.

30. At all times relevant to this complaint, Maine General Rehabilitation and Long Term Care(Grey Birch) was billing and receiving payments from MaineCare who was responsible for and was promptly paying for the care of the Plaintiff pursuant to MRSA 3174-FF(3)G.

31. On or about May 17th 2023, the Plaintiff was admitted to the emergency room due to being found in a coma-like unresponsive state by his daughter and several nurses.

32. The Plaintiff was revived after being administered 2 doses of Narcan. Narcan is a drug that rapidly reverses the effects of an opioid overdose.

33. After being admitted in the hospital for more than 90 days, the Plaintiff was moved to Glenridge Long Term Care Facility.

34. Grey Birch submitted several bills for service to MaineCare. MaineCare, which is a duly formed administrative body within the state of Maine pursuant to MRSA 3174-FF(1), determined that Grey Birch did not provide the services Grey Birch claimed.

35. On or about April 14th, 2024, Maine General Rehabilitation and Long Term Care (Grey Birch), filed suit against the Plaintiff for unpaid services even though the administrative body MaineCare had already determined that those services were not provided.

36. Judge Daniel Mitchell presides/is presiding over that matter.

37. SInce that time, Judge Mitchell has refused the Plaintiff any and all access to the court.

38. The Plaintiff filed a Motion for Appointment of Guardian Ad Litem pursuant to M.R. Civ. P. 17(b) which states: "the court shall appoint a guardian ad litem for a minor or incompetent person not otherwise represented." To date, the Plaintiff remains unrepresented in the underlying matter.

39. Judge Mitchell has refused to consider any motions filed by the Plaintiff including an unopposed Motion to Dismiss for Lack of Subject Matter Jurisdiction despite binding precedent that a challenge of subject matter jurisdiction can be raised at any time. Rule 12(h)(3) of the Maine Rules of Civil Procedure, "<u>Whenever</u> it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

40. All precedent shows that subject matter jurisdiction can be challenged at any time. "<u>the existence of subject matter jurisdiction can be challenged at any time</u>, even sua sponte by an appellate court..." (Emphasis added) See Pederson v. Cole, 501 A.2d 23, 25 n. 2 (Me.1985) (stating that the "defense of lack of subject-matter jurisdiction may be raised at any time, even

sua sponte by an appellate court") See also ("*Estate of Lerman,* 451 A.2d 640, 641 (Me. 1982)")

41. The United States Supreme Court has stated the same principle. "The objection that a federal court lacks subject-matter jurisdiction... may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. 500 (2006)

42. Judge Mitchell was made aware of this and has cited this precedent multiple times in the past. However, he refused to consider the Motion to Dismiss for Lack of Subject Matter Jurisdiction.

43. Subsequently, The Plaintiff filed a Motion to Recuse Judge Mitchell for depriving the Plaintiff of access to the court.

44. Judge Mitchell denied this motion and threatened sanctions if any more filing were made.

45. The Plaintiff now files this lawsuit because there is no other choice as he has no access to the court at all.

**First Count: 42 USC § 1983-Due Process Violations**

State of Maine, Janet Mills in her official capacity, Judge Daniel Mitchell in his Official Capacity

1-45. Plaintiffs reasserts and realleges paragraphs 1-45 as if set out here.

46. Plaintiff has a right to present a defense and file motions in the underlying trial court..

47. The defendant Judgem Mitchell's actions were taken under color of state law.

48. The Equal Protection Clause requires that no state shall deprive any person of life, liberty or property without due process of law.

49. The defendant Judge Mitchell is bound to follow the procedures set forth in the Maine Practice Book.

50. The defendant, Judge Mitchell, while acting in his employment failed to provide the Plaintiff with access to the court.

51. As a result of Judge Mitchell's actions, the plaintiff has suffered significant injuries.

52. There is no legitimate governmental policy to justify refusing the Plaintiff the right of access to the courts and the ability to file motions.

53. Alternatively, such treatment was based on an impermissible consideration such as intent to hinder constitutional rights, or malicious or bad faith intent to injure the Plaintiff.

54. Plaintiff requests that Judge Mitchell be relieved from the underlying matter, that all of his rulings in the case be vacated and that a judge be appointed to the case that will administer justice fairly and appropriately

## Second Count: 42 USC § 1983-Denial of Equal Protection Pursuant to The Americans With Disabilities Act 42 U.S.C. § 12132

State of Maine, Janet Mills in her official capacity, Judge Daniel Mitchell in his Official Capacity

1-45. Plaintiffs reasserts and realleges paragraphs 1-45 as if set out here.

46. Plaintiff is legally disabled pursuant to Americans with Disabilities Act.

47. 42 U.S.C. § 12132 of the Americans WIth DIsabilities Act prohibits "discrimination against individuals with disabilities by public entities. Specifically, it states that no qualified individual with a disability shall be excluded from participation in, or denied the benefits of, the services, programs, or activities of a public entity, or be subjected to discrimination by such entity. This section ensures that public entities provide equal access to their services and programs to individuals with disabilities."

48. The Supreme Court in *Tennessee v. Lane*, the Supreme Court addressed whether Title II of the ADA, which prohibits disability discrimination by public entities, applies to state courthouses. The case involved George Lane, a paraplegic who was unable to access the upper floors of a courthouse because it lacked an elevator. The Court held that Title II validly abrogates state sovereign immunity in cases involving the fundamental right of access to the courts. This decision underscored that public entities, including courts, are required to make reasonable accommodations to ensure individuals with disabilities have equal access to judicial services.

49. In the underlying case, Judge Mitchell has made no accommodations for the Plaintiff and in fact, has made access to the court more difficult.

50. As a result of Judge Mitchel's actions, the plaintiff has suffered significant injuries.

51. There is no legitimate governmental policy to justify depriving the Plaintiff of access to the court.

52. Alternatively, such treatment was based on an impermissible consideration such as intent to hinder constitutional rights, or malicious or bad faith intent to injure the Plaintiff.

53. Plaintiff requests that Judge Mitchell be relieved from presiding over the underlying case and that another objective judge be appointed to administer justice fairly and equitably.

54. The plaintiff further seeks appointment of a Guardian Ad Litem pursuant to Maine Practice Book section M.R. Civ. P. 17(b).

### Third Count: Declaratory Judgment that MaineCare is the Responsible Party for Any and All of the Claims Against the PLaintiff in the Underlying Case.

State of Maine, Janet Mills in her official capacity,   Sara Gagne- Holmes in her Official Capacity,

1-45. The Plaintiff reassert paragraphs 1-45 as if fully set out here.

46. MaineCare is a duly formed administrative agency for the state of Maine. See MRSA 3174-FF(1)

47. The Plaintiff is and has been a MaineCare member at all times relevant to this and the underlying action.

48. As a member of MaineCare, the Defendant is covered for his long term nursing facility care. MRSA 3174-FF(3)G.

49. At all times relevant to this complaint, MaineCare was the responsible billing party for the services provided to Plaintiff by Grey Birch

50. MaineCare's failure to timely pay for the alleged valid services by MaineCare have resulted in significant harm to the Plaintiff.

51. There is no legitimate governmental policy to justify failing to comply with MRSA 3174-FF(3)G .

52. Plaintiff requests ta declaratory judgment that MaineCare is the billing responsible party for any valid charges submitted by Grey Birch that remain unpaid

**Fourth Count: Fraud**

Grey Birch

1-45. The Plaintiffs reassert paragraphs 1-45 as if fully set out here.

46. Grey Birch filed suit against the Plaintiff for services they knew were not valid

47. The administrative body MaineCare has already made a legal determination that the charges as alleged in the underlying complaint were not valid.

48. Grey Birch ignored and failed to advise the trial court that MaineCare has already determined that these charges were not valid.

49. As a result of the Grey Birch's actions, the Plaintiff has suffered significant injury.

50. The plaintiff seeks a declaratory ruling that the alleged charges as that are the subject of the underlying matter are not valid.

51. Additionally, the Plaintiff seeks an order that the state of Maine investigate the actions of Grey Birch to determine how significant the fraud is.

WHEREFORE, plaintiff, Lionel Villeneuve, demands judgment against defendants as follows:

a) On the First Count, Plaintiff requests that Judge Mitchell be relieved from his duties as judge in the underlying matter and that another objective judge be appointed for the effective administration of justice.

b) On the Second Count, Plaintiff requests that Judge Mitchell be relieved from his duties as judge in the underlying matter and that another objective judge be appointed for the effective administration of justice. Furthermore, the Plaintiff requests the appointment of a Guardian Ad Litem in order to facilitate access to the court.

c) On the Third Count, Plaintiff requests a declaratory judgment that MaineCare is the responsible party for any and all amounts for services owed pursuant to MRSA 3174-FF(3)G.

d) On the Fourth Count, plaintiff requests a declaratory judgment that the amounts stated in the underlying complaint are based in fraud and are therefore invalid.

Plaintiff
By:/s/ Lionel Villeneuve

Lionel Villeneuve

59 Mount Vernon Ave.

Augusta, ME. 04330

Phone: (207)313-9713

Email: mvillenm1@yahoo.com