UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LIONEL VILLENEUVE, | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )   No. 1:25-cv-00180-LEW |
| | ) |
| JANET MILLS et al., | ) |
| | ) |
|     **Defendants** | ) |

**RECOMMENDED DECISION AFTER PRELIMINARY REVIEW**

Lionel Villeneuve, purporting to proceed pro se, brings claims against Maine Governor Janet Mills, Maine Department of Health and Human Services Acting Commissioner Sara Gagné-Holmes, Maine Superior Court Judge Daniel Mitchell, and Maine General Rehabilitation and Long Term Care. Because I granted his application to proceed *in forma pauperis*, *see* Order (ECF No. 3), Villeneuve's complaint (ECF No. 1) is before me for preliminary review in accordance with 28 U.S.C. § 1915(e)(2)(B). For several reasons, I recommend that the Court **DISMISS** Villeneuve's complaint.

First, according to Villeneuve's complaint he is an eighty-three-year-old man who is "suffering from dementia," "legally blind," and "unable to read"—he also "has issues with hearing" and "sleeps at least 16 hours a day." Complaint at 3. These facts suggest that someone else must be bringing this lawsuit on Villeneuve's behalf, which is not allowed. *See Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party

1

lay representation. By law, an individual may appear in federal courts only pro se or through legal counsel." (cleaned up)).

Second, Villeneuve's claims against Judge Mitchell are barred by the doctrine of judicial immunity. *See Marcello v. Maine*, 464 F. Supp. 2d 38, 40-43 (D. Me. 2006) (holding that a state court judge was immune from 42 U.S.C. § 1983 claims); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (holding that a state court judge was immune from ADA claims that he denied accommodations to a disabled litigant).

Third, given that Villeneuve sues Governor Mills and Commissioner Gagné-Holmes only in their official capacities, he is, in actuality, suing the State of Maine, which is entitled to sovereign immunity on his section 1983 claims. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself."); *Marcello*, 464 F. Supp. 2d at 44 ("[T]he [S]tate of Maine has not waived its [sovereign] immunity with respect to Section 1983 actions, and . . . Congress has not overridden that immunity . . . .").

Fourth, the *Younger* abstention and *Rooker-Feldman* doctrines prevent this Court from interfering with ongoing state court proceedings and/or overturning state court judgments, which is the only relief Villeneuve seeks under his ADA claim. *See* Complaint at 7, 9 (requesting "that Judge Mitchell be relieved from his duties as judge in the underlying matter" and "another objective judge" and a guardian ad litem

be appointed); *Tyler v. Sup. Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) ("The *Rooker-Feldman* doctrine bars jurisdiction . . . where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." (cleaned up)); *Rossi v. Gemma*, 489 F.3d 26, 34-35 (1st Cir. 2007) ("Abstention [under the *Younger* abstention doctrine] is appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.").

Finally, to the extent that Villeneuve's state law claims regarding his medical bills are not also barred by the *Younger* abstention or *Rooker-Feldman* doctrines, it would be an abuse of discretion for this Court to retain jurisdiction over such claims in the absence of a valid federal claim or allegations supporting the existence of diversity jurisdiction. *See Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (noting that it is generally an abuse of discretion for a federal district court to retain supplemental jurisdiction over state law claims when all federal claims have been dismissed early in a case).

### NOTICE

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: April 22, 2025

<u>/s/ Karen Frink Wolf</u>
United States Magistrate Judge
