| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **5/6/2025** |
| **DISTRICT OF MAINE** | **Docket Number:** |
| | **1:25-cv-00180-LEW** |

_____

**LIONEL VILLENEUVE**         :

    **V**         :

**JANET MILLS in her official capacity GOVERNOR OF THE STATE OF MAINE, SARA GAGNE-HOLMES in her official capacity as COMMISSIONER OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, DANIEL MITCHELL in his official capacity as a judge in the MAINE SUPERIOR COURT, MAINE GENERAL REHABILITATION AND LONG TERM CARE**

**OBJECTION TO RECOMMENDED DECISION**

# INTRODUCTION

Plaintiff Lionel Villeneuve[1] respectfully submits this brief to demonstrate that Judge Daniel Mitchell, acting under color of state law, has deprived Plaintiff of constitutional rights through actions taken in bad faith, warranting federal court intervention pursuant to **42 U.S.C. § 1983** and established federal jurisprudence.  The Plaintiff is upset because he was sued by an entity that gave him an unprescribed narcotic causing him to overdose, be rushed to the the emergency room where 2 doses of Narcan were needed to revive him.  The Defendant Maine

---

[1] To the extent the court makes an inference that the Plaintiff is not filing this lawsuit of his own accord is false.  The Plaintiff relies on others to explain what is happening and asks what he would like to do when he is lucid and able to comprehend the issues.  The Plaintiff is read all documents and signs them and proceeds of his own accord.  The Plaintiff alone made the decision to pursue this matter in Federal District Court.   Additionally, this brief and all other filings were written by artificial intelligence. See attached screenshots.

General then sued the Plaintiff for the time that he was in the emergency room that they caused. Now, the Plaintiff is being denied the opportunity to raise those issues.

The underlying case reflects a pattern of egregious conduct whereby Plaintiff, a severely disabled elderly man, has been wholly denied access to the courts and due process protections guaranteed by the U.S. Constitution and federal law, notably including the **Americans with Disabilities Act ("ADA")**, **42 U.S.C. § 12132**.

---

# LEGAL STANDARD

**Standard on Motion to Dismiss – Favorable Inferences to Non-Moving Party**

In federal court, when evaluating a motion to dismiss under Rule 12(b)(6), the court must **accept all well-pleaded factual allegations as true** and **draw all reasonable inferences in favor of the non-moving party**. (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). A complaint must contain sufficient factual matter to state a claim that is "**plausible on its face**" (*Iqbal*, 556 U.S. at 678), but it need not prove the case at the pleading stage.

The standard is especially deferential to the plaintiff. As the Supreme Court has made clear, the complaint should be construed "**in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in the plaintiff's favor**." (*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); see also *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

This means that courts may not resolve factual disputes, weigh evidence, or impose a heightened burden at the pleading stage. As long as the factual allegations raise a right to relief above the speculative level, the claim survives. Accordingly, in the instant case, **Plaintiff is entitled to every reasonable inference that can be drawn in support of the claims asserted**, and dismissal would be improper so long as the complaint alleges a plausible basis for relief.

Federal courts may intervene in state judicial proceedings under limited circumstances, including where a litigant's federal rights are being violated in bad faith, or where there is an immediate threat of irreparable harm. See **Younger v. Harris**, 401 U.S. 37 (1971) (abstention inappropriate where there is evidence of bad faith, harassment, or flagrant constitutional violations).

Judicial immunity does not protect actions taken **in the clear absence of jurisdiction** or where a judge acts with **malicious intent** or in **bad faith**. See **Stump v. Sparkman**, 435 U.S. 349 (1978); **Mireles v. Waco**, 502 U.S. 9 (1991).

# ARGUMENT

### I. JUDGE MITCHELL'S DENIAL OF ACCESS TO THE COURT CONSTITUTES BAD FAITH

A central constitutional guarantee under the **Due Process Clause** and **Equal Protection Clause** is the right of meaningful access to the courts. See **Tennessee v. Lane**, 541 U.S. 509 (2004).

Here, Judge Mitchell:

- **Refused to appoint a Guardian Ad Litem** as mandated under **M.R. Civ. P. 17(b)**, despite undisputed evidence that Plaintiff is legally blind, hearing impaired, wheelchair-bound, and cognitively disabled.

- **Refused to consider Plaintiff's motions**, including a critical **unopposed Motion to Dismiss for Lack of Subject Matter Jurisdiction**, despite the universally acknowledged rule that jurisdictional challenges can be raised at any time. See **Arbaugh v. Y&H Corp., 546 U.S. 500 (2006)**; **Pederson v. Cole, 501 A.2d 23 (Me. 1985)**.

- **Threatened sanctions** against Plaintiff merely for attempting to access the court and assert fundamental rights.

Judge Mitchell's actions cannot be characterized as mere error or judicial discretion. Rather, they reflect a **deliberate, systematic denial** of the Plaintiff's ability to participate in proceedings, evidencing **malice**, **bias**, or **reckless disregard** of constitutional rights.

## II. VIOLATION OF THE AMERICANS WITH DISABILITIES ACT DEMONSTRATES BAD FAITH

Under **Title II of the ADA**, public entities, including courts, must make reasonable accommodations to ensure equal access for disabled individuals. See **42 U.S.C. § 12132**; **Tennessee v. Lane**, supra.

Judge Mitchell made **no effort** to accommodate the Plaintiff's disabilities. Instead, he exacerbated Plaintiff's disadvantages by refusing basic procedural protections (Guardian ad Litem, motion consideration) that would permit meaningful participation. This knowing disregard amounts to **intentional discrimination** or at minimum **deliberate indifference**, both sufficient to show **bad faith** under federal law.

### III. FEDERAL COURT INTERVENTION IS APPROPRIATE

The circumstances meet the established exceptions to **Younger abstention**:

- **Bad Faith and Harassment Exception**: Plaintiff has made a prima facie showing of judicial bad faith.

- **Immediate and Irreparable Harm**: Plaintiff is suffering ongoing harm by being completely excluded from defending himself in the underlying matter, including potential financial judgments and loss of rights without any opportunity to be heard.

Thus, federal intervention is not only appropriate — it is constitutionally required to prevent further violations.

### III. Eleventh Amendment Immunity, § 1983, and *Ex parte Young*

The Eleventh Amendment generally bars suits in federal court against states and state officials acting in their official capacities. However, this immunity is **not automatic**; it must be

**affirmatively asserted** by the state and the state has not asserted their privilege. Failure to timely raise sovereign immunity constitutes a **waiver** of that defense. (*See*, *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998); *Lapides v. Board of Regents*, 535 U.S. 613 (2002)).

Moreover, this case falls squarely within the exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), which permits suits against state officials in their official capacities for **prospective injunctive relief** to stop ongoing violations of federal law. The plaintiff does **not** seek monetary damages against the state or its agencies, but only **equitable relief** to prevent future constitutional violations.

Additionally, Plaintiff brings claims under **42 U.S.C. § 1983**, which provides a federal cause of action against any person who, under color of state law, deprives another of constitutional rights. While states themselves are not considered "persons" under § 1983 (*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989)), state officials sued in their official capacity for prospective relief **are** subject to suit. Congress, through § 1983 and the Fourteenth Amendment, has **validly abrogated** any immunity that would otherwise apply to such officials in the context of enforcing federal constitutional rights.

In summary, the Eleventh Amendment does not bar the relief sought here because:

1. The State has not explicitly asserted immunity;
2. Plaintiff seeks only prospective injunctive relief under *Ex parte Young*;
3. § 1983, enforced via the Fourteenth Amendment, abrogates immunity for constitutional violations by state officials.

# CONCLUSION

Based on the foregoing, the record reflects that **Judge Daniel Mitchell's actions** have been taken in **bad faith**, **with intent to deprive Plaintiff of his constitutional and statutory rights**. Plaintiff respectfully requests that this Court:

1. **Issue an injunction** removing Judge Mitchell from the underlying case;

2. **Vacate all orders** issued by Judge Mitchell in the underlying case;

3. **Order the appointment of a Guardian Ad Litem** for Plaintiff pursuant to M.R. Civ. P. 17(b);

4. **Order appropriate accommodations** under the Americans with Disabilities Act to ensure Plaintiff's access to court proceedings; and

5. **Grant such other relief** as justice requires.

    Plaintiff

    By:/s/ Lionel Villeneuve_____

    Lionel Villeneuve

    59 Mount Vernon Ave.

    Augusta, ME. 04330

    Phone: (207)313-9713

    Email:  mvillenm1@yahoo.com

Case 1:25-cv-00180-LEW   Document 7   Filed 05/07/25   Page 8 of 8   PageID #: 24