UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LIONEL VILLENEUVE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:25-cv-00180-LEW |
| | ) | |
| JANET MILLS et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On April 22, 2025, United States Magistrate Judge Karen Frink Wolf filed with the court, with copies to the Plaintiff, her Recommended Decision, after preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 6. In it, Magistrate Judge Wolf recommends the summary dismissal of Plaintiff's action for multiple reasons. The plaintiff filed an objection to the Recommended Decision on May 7, 2025. ECF No. 7.

This action arises out of a lawsuit filed against Plaintiff in state court to recover fees for certain medical care that he alleges was fraudulent and/or undeserving of compensation due to the harms it caused him. Dissatisfied with the state court judge's handling of certain of his motions or requests, Plaintiff asks this Court to remove the state court judge from the state court case, vacate all of the judge's prior orders, direct the appointment of a guardian ad litem to serve Plaintiff's interests in the state court proceeding, instruct the state court as to all the necessary accommodations Plaintiff must receive under the Americans with Disabilities Act to ensure he enjoys meaningful access to the state court, and declare that the dispute over payment be resolved in his favor, including by making MaineCare the only responsible party for payment.

Defendants, who include the state court judge, Governor Janet Mills, Department of Health and Human Services Commissioner Sara Gagne-Holmes, and the care provider, have not been served and have not appeared in the action.

I have reviewed and considered the Recommended Decision and the Objection, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge that dismissal is appropriate in this case.

From a comparison of the allegations and the requested relief, it is plain that the Governor and the Commissioner are not proper parties on any federal claim, including the civil rights claim brought under 28 U.S.C. § 1983, because they have not engaged in state action toward Plaintiff and have no personal involvement in the payment dispute.

The only remaining federal cause involves, essentially, a failure-to-accommodate/due process claim brought against the state court judge.  Plaintiff wants this Court to oversee and direct the future course of proceeding in the state court, including in relation to the appointment of a guardian ad litem and any other accommodations he might require.  In other words, Plaintiff wants this Court to administer proceedings in the state court.[1]

I agree with Magistrate Judge Wolf that the relief requested by Plaintiff calls for application of the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971), the federalism and comity principle that federal courts should abstain from interfering with ongoing state proceedings that are judicial in nature, involve important state interests, provide an adequate opportunity to raise federal claims, and do not contain special circumstances that would

---

[1] I note that Plaintiff does not appear by guardian or next friend in this litigation and, evidently, relies on the assistance of someone in his confidence and Artificial Intelligence queries to present his claims.  See Obj. Addendum (ECF No. 7-1).

make abstention inappropriate.  Here, the important state interest entails the very administration of proceedings and the interference entails, in effect, a collateral challenge to an order denying appointment of a guardian.

State courts "have important interests in administering certain aspects of their judicial systems."  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987).  Although a federal court may take up a case where a state forum inadequately protects federal rights, *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192 (1st Cir. 2015), the Maine State Courts are an adequate forum to raise and obtain reasonable relief on due process/accommodation requests associated with a litigant's access to the courts, including in the context of an appeal.  To the extent Plaintiff alleges bad faith or flagrant misconduct by the appointed judge in order to invoke an exception to the *Younger* doctrine, his allegations in that regard are conclusory and devoid of any development.  As such, the factual allegations do not support a non-speculative inference that the state court judge is entering rulings based on malice, bias, or another form of bad faith.

Finally, because this Court is not assuming jurisdiction over a federal claim, I further agree with the Magistrate Judge that it would be improper to exercise supplemental jurisdiction over a state law dispute between Plaintiff and a care provider over payment for services.

For these reasons, the Recommended Decision of the Magistrate Judge (ECF No. 6) is hereby **ADOPTED** and the case is dismissed.

**SO ORDERED.**

Dated this 17th day of June, 2025.

    /s/ Lance E. Walker
CHIEF U.S. DISTRICT JUDGE